IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

TRIASSIC INSURANCE COMPANY,       )
                                 )
                                 )     2:26-CV-00883-MJH
        Plaintiff,           )
                                 )
   vs.                        )
                                 )
ANTONIO INVESTMENT LLC,  AAA     )
EAST CENTRAL, RICHARD GAPSKY,    )
MICHAEL GAPSKY, LINDA GAPSKY,
THEIR HEIRS, SUCCESSORS, OR
ASSIGNS, AS THE NOMINATED
PERSONAL REPRESENTATIVES OF THE
ESTATE OF JAMES GAPSKY;

        Defendants,

OPINION

Plaintiff, Triassic Insurance Company, brings the within declaratory judgment action regarding its duty to defend and indemnify against Defendants, Antonio Investment, LLC ("Towing Defendant"), AAA East Central ("AAA Defendant"), Richard Gapsky, Michael Gapsky, Linda Capsky, their heirs, successors, or assigns, as the nominated personal representative of the Estate of James Gapsky ("Gapsky Defendants"). (ECF No. 1).

Richard Gapsky, Michael Gapsky, Linda Capsky, their heirs, successors, or assigns, as the nominated personal representative of the Estate of James Gapsky now move for dismissal. (ECF No. 5).  The matter is now ripe for decision.

Upon consideration of Triassic's Complaint (ECF No. 1), the Gapsky Defendants' Motion to Dismiss (ECF No. 5), Triassic's Brief in Opposition (ECF No. 11), and for the following reasons, the Gapsky Defendants' Motion to Dismiss will be granted.

I.      Background

Triassic avers that, in an underlying action, James Gapsky, through counsel, filed a

lawsuit against Antonio Investment, Angelo's Towing & Recovery, AAA East Central, and other

defendants in the Court of Common Pleas, Allegheny County, Pennsylvania.   (ECF No. 1 at ¶

14).  The underlying action alleges that James Gapsky was attending a medical appointment, and

experienced difficulties with his vehicle.  *Id*. at ¶ 20.  Mr. Gapsky called the AAA Defendant for

roadside assistance and, the AAA Defendant, in turn, contacted the Towing Defendant to assist

Mr. Gapsky with his disabled vehicle. *Id*. at ¶ 21. It is further alleged in the underlying action

that the Towing Defendant  placed his vehicle on the tow truck but did not properly secure the

vehicle, causing it to fall and injure Mr. Gapsky's legs, arms, and head. *Id*. at ¶ 23.

Antonio Investment sought defense and indemnification under the Conifer Policy for the

claims asserted in the underlying action.  *Id*. at ¶ 39.  In its Complaint for Declaratory Judgment,

Triassic seeks the following relief:

    a.  declare that there is no coverage under the Conifer Policy for the claims at
       issue in the Underlying Action;

    b.  declare that Triassic has no duty to defend or indemnify Antonio Investment
       with respect to the Underlying Action;

    c.  declare that Triassic has no duty to defend or indemnify AAA East Central
       with respect to the Underlying Action;

    d.   alternatively, declare that the limit of liability applicable under the Conifer
       Policy to the claims in the Underlying Action is $15,000.

James Gapsky died on December 12. 2025, and by court order entered on or about March

3, 2026, the Estate was substituted for James Gapsky as the plaintiff in the underlying action.  *Id*.

at ¶ 15.  Triassic alleges that Michael Gapsky is appointed in the Will of James Gapsky as the

Personal Representative of the Estate; Richard Gapsky is named in the Will of James Gapsky as

the first alternate personal representative of the Estate;  and Linda Gapsky is named in the Will

of James Gapsky as the second alternate personal representative of the Estate. *Id*. at ¶¶ 16, 17,

and 18.

II.     Discussion

The Gapsky Defendants argue that Triassic has improperly named the beneficiaries of

Estate of James Gapsky and not the Estate itself.   They also maintain that Triassic cannot

maintain this declaratory judgment action because there is a parallel state proceeding, and said

proceeding is the appropriate venue for this action.  The Gapsky Defendants contend that

Triassic's obligation to defend is heavily intertwined with disputed issues that are being litigated

in the Allegheny Court of Common Pleas.  In particular they assert, that Triassic's obligation  to

provide a defense is heavily intertwined with the outcome of the underlying litigation which

involves questions of negligence, liability and how the incident happened and who is

responsible.

Triassic contends that Richard Gapsky, as a personal representative of the Estate, is an

indispensable party.   And because Richard Gapsky is now the personal representative of the

Estate, Triassic asserts that it intends to voluntarily dismiss its Complaint against Michael and

Linda Gapsky.  Further, Triassic argues that the Estate's personal representative is essential to a

declaratory judgment action against it's insured because of the Estate's interest in the outcome.

Finally, Triassic maintains that this proceeding is not parallel to the underlying action.

Plaintiffs' arguments relative to parallel state proceedings are incongruent with the

realities of this case and the underlying action.  Defendants likewise miss the mark on

indispensability.  The Federal Declaratory Judgment Act and Rules of Civil Procedures offer a

3

simpler path that narrows the real parties in interest in this case.  Whether Triassic named the right Gapsky Defendant is irrelevant because they would be no more than a nominal party.

A nominal party is one without a "real interest in the litigation." Walsh v. Defs., Inc., 894 F.3d 583, 589 (3d Cir. 2018). Nominal parties are "neither necessary nor indispensable" to the action. *Mallalieu-Golder Inc. Agency, Inc. v. Executive Risk Indemnity Inc.*, 254 F. Supp. 2d 521, 524–25 (M.D. Pa. 2003) (quoting *Farias v. Bd. of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991)). A party is only "necessary" if it has a legally protected interest in the action. L*iberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 230 (3d Cir. 2005). A financial interest alone is not sufficient. *Id*.

Under Federal Rule of Civil Procedure 19, a party is necessary if, "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A); *see also Mallalieu-Golder Inc.*, 254 F. Supp. 2d at 525. In short, a defendant is a nominal party if the plaintiff states no cause of action or seeks no relief from it. *Dietz v. Avco Corp*., 168 F. Supp. 3d 747, 759 (E.D. Pa. 2016).  In the context of a declaratory judgment such as this case, courts have consistently held that underlying tort claimant, where the only financial interest is recovering tort damages, is a nominal defendant.  *See Yakitori Boy, Inc. v. Starr Indem. & Liab., Co.*, No. CV 18-4094, 2019 WL 199904 (E.D. Pa. Jan. 14, 2019); *Affinity Land Servs., LLC v. Am. Safety Indem. Co.*, No. CV 15-6560, 2016 WL 1221453 (E.D. Pa. Mar. 29, 2016); *Mallalieu-Golder*, 254 F. Supp. 2d at 524.  And, while a nominal defendant may be indispensable under the Pennsylvania Declaratory Judgment Act (42 Pa.C.S.  § 7540), such law is procedural and not controlling in federal courts.  *Spring-Ford Area Sch. Dist. v. Genesis Ins. Co.*, 158 F.Supp.2d 476, 481 (E.D. Pa. 2001).   Fed. R. Civ. P. 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."

4

Here, the primary thrust of the declaratory judgment action is not against the Gapsky Defendants.  Instead, Triassic seeks to declare coverage rights under its Policy with the other defendants, who are the alleged tortfeasors in the underlying action.   The Gapsky Defendants have no contractual interest in the outcome, as they are not insureds under the Triassic policy.  At best, the have a limited financial interest, which under federal declaratory judgment law makes them no more than nominal defendants.  Their presence or absence in this case would not prevent Triassic and the other defendants from obtaining complete relief through declaratory judgment.  Therefore, the Gapsky Defendants are not indispensable under Fed. R. Civ. P. 19, and are otherwise subject to dismissal under Fed. R. Civ.  P. 21.

Accordingly, the Gapsky Defendants' Motion to Dismiss will be granted.   The Gapsky Defendants will be dismissed and removed from the caption.  A separate order will follow.

DATED this 23rd day of July, 2026.

BY THE COURT:

Marilyn J. Horan
United States District Judge